

**FILED**
CLERK, U.S. DISTRICT COURT

2/4/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MMC_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY ACEL STJOHN,<br>  aka "Gary Aceo Stjohn,"<br>  aka "Gary Acel Stjoh,"<br>  aka "Gary St Joh,"<br>  aka "Gary Stjohn,"<br><br>    Defendant. | CR No. 2:25-CR-00083-MCS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about January 15, 2025, in Los Angeles County, within the Central District of California, defendant GARY ACEL ST JOHN, also known as ("aka") "Gary Aceo Stjohn," aka "Gary Acel Stjohn," aka "Gary Aceo Stjoh," aka "Gary Aceo St Joh," aka "Gary Stjohn," knowingly possessed the following firearm and ammunition, each in and affecting interstate and foreign commerce:

1.    A Kahr Arms, model PM9, 9mm caliber pistol, bearing serial number VA1774;

2.   Four rounds of Sellier and Bellot 9mm caliber ammunition;

3.   Three rounds of Remington Peters 9mm caliber ammunition;

4.   One round of Winchester 9mm caliber ammunition;

5.   Five rounds of Winchester 12 gauge ammunition;

6.   Two rounds of Remington Peters 12 gauge ammunition;

7.   One round of Federal Cartridge Company 12 gauge ammunition; and

8.   One round of Fiocchi 12 gauge ammunition.

Defendant ST. JOHN possessed such firearm and ammunition knowing that he previously had been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Vehicle Theft, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, Case Number NA069262, on or about March 28, 2006;

2.   Vehicle Theft, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, Case Number YA064720, on or about September 7, 2006;

3.   Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number YA064720, on or about September 7, 2006;

4.   Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court for the State of California, County of Los Angeles, Case Number YA064720, on or about September 7, 2006;

2

5.    Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number NA076201, on or about October 30, 2007;

6.    Vehicle Theft with a Prior, in violation of California Penal Code Section 666.5, in the Superior Court for the State of California, County of Los Angeles, Case Number YA075651, on or about August 11, 2009;

7.    Possession of Dangerous Weapon, in violation of California Penal Code Section 12020(a)(4), in the Superior Court for the State of California, County of Los Angeles, Case Number NA090023, on September 20, 2011;

8.    Grand Theft Auto, in violation of California Penal Code Section 487(d)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number NA095554, on or about May 22, 2013;

9.    Vehicle Theft with a Prior, in violation of California Vehicle Code Section 10851 and California Penal Code Section 666.5, in the Superior Court for the State of California, County of Los Angeles, Case Number NA102751 (Count 1), on or about October 27, 2015;

10.    Vehicle Theft with a Prior, in violation of California Vehicle Code Section 10851 and California Penal Code Section 666.5, in the Superior Court for the State of California, County of Los Angeles, Case Number NA102751 (Count 2), on or about October 27, 2015;

11.    Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number NA109531, on or about September 17, 2018;

12.   Indecent Exposure, in violation of California Penal Code Section 314(1), in the Superior Court for the State of California, County of Los Angeles, Case Number NA109531, on or about September 17, 2018;

13.   Evading a Peace Officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court for the State of California, County of Los Angeles, Case Number YA105247, on or about February 23, 2022; and

14.   Vehicle Theft, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, Case Number NA121430, on or about February 23, 2023.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2.    If so convicted, defendant shall forfeit to the United States of America the following:

a.    All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

b.    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

1   substantially diminished in value; or (e) has been commingled with

2   other property that cannot be divided without difficulty.

3

4                                               A TRUE BILL

5

6                                               /S/ _____

7                                               Foreperson

8   JOSEPH T. MCNALLY
    Acting United States Attorney

9

10  LINDSEY GREER DOTSON
    Assistant United States Attorney
    Chief, Criminal Division

11

12

13  FRANCES S. LEWIS
    Assistant United States Attorney
14  Chief, General Crimes Section

15  BENEDETTO L. BALDING
    Assistant United States Attorney
16  Deputy Chief, General Crimes Section

17  ALEXANDRA SLOAN KELLY
    Assistant United States Attorney
18  General Crimes Section

19

20

21

22

23

24

25

26

27

28