

FILED
CLERK, U.S. DISTRICT COURT
APR - 9 2025
CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. GARY ACEL ST. JOHN, Defendant. | Case No. CR 25-83-MCS<br><br>ORDER OF DETENTION |

I.

On April 9, 2025, Defendant Gary Acel Stjohn made his initial appearance on the indictment filed in this case. Deputy Federal Public Defender Mara Gonzalez Souts was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Brenda Galvin. A detention hearing was held. .

☐   On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒   On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered the report and recommendation prepared by United States Probation and Pretrial Services.

### IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Lack of bail resources.

☒ Defendant is alleged to have possessed firearms and ammunition, has multiple felony convictions for vehicle theft, burglary, possession of dangerous weapons, possession of controlled substances, indecent exposure and evading a police officer. drug related offense, and extensive law enforcement contacts, including multiple parole violations.

☒ Unstable residence history, unemployed and family ties outside the Central District of California.

☒ Use of aliases, failed to register as a sex offender and was on parole at the time of the charged offense.

As to danger to the community:

☒ extensive criminal history and extensive law enforcement contacts.

☒ admitted drug use

☒ subject to active restraining order against a victim of his indecent exposure conviction.

### V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: April 9, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE